UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JARMEL ANDERSON,

      Petitioner,

v.

      CASE NO. 2:08-CV-10515
      CHIEF JUDGE GERALD E. ROSEN
      MAGISTRATE JUDGE PAUL J. KOMIVES

MARY K. BERGHUIS,

      Respondent.
      _____/

### REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (docket #21)

I.    RECOMMENDATION: The Court should deny petitioner's motion for relief from judgment.

II.    REPORT:

A.    *Procedural History*

Petitioner Robert Jarmel Anderson, a state prisoner, filed a *pro se* application for the writ of habeas corpus on February 5, 2008, challenging his 2003 convictions for assault with intent to commit murder and felony-firearm on the following grounds: improper admission of evidence, ineffective assistance of counsel, improper denial of substitute counsel, prosecutorial misconduct, and cumulative error. On September 28, 2009, I filed a Report recommending that the Court deny petitioner's habeas application on the merits. The Court entered an order adopting my Report on October 30, 2009. Both the Court and the Sixth Circuit subsequently denied petitioner a certificate of appealability.

The matter is currently before the Court on petitioner's motion for relief from judgment pursuant to FED. R. CIV. P. 60(b)(3), (6), filed on July 19, 2012. Petitioner contends that respondent

committed fraud or misconduct justifying relief from judgment under Rule 60(b)(3) by failing to respond to his discovery requests. For the reasons that follow, the Court should deny the motion.

B.   *Analysis*

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Notwithstanding Rule 60(b), the habeas statutes circumscribe the conditions under which a second or successive habeas petition may be considered. In particular, a claim which has already been adjudicated on the merits must be dismissed, a new claim may not be considered unless it relies on either a new, retroactive rule of constitutional law or new facts demonstrating actual innocence, and a successive petition may not be filed in the district court until authorization is obtained from the court of appeals. *See Gonzalez*, 545 U.S. at 529-30 (discussing 28 U.S.C. § 2244(b)(1)-(3)). Rule 60(b) applies only to the extent that it is not inconsistent with these rules governing successive petitions. *See id*. at 529 (citing Rule 11, 28 U.S.C. foll. § 2254). Generally, a Rule 60(b) motion which seeks vindication of a substantive claim for relief will be considered a prohibited successive petition, *see id*. at 531-32, whereas "[t]hat is not the case . . . when a Rule

60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532. As the Court explained, "[i]f neither the motion itself nor the federal judgment from which it seeks relief addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533.

Here, petitioner's motion for relief from judgment is not the functional equivalent of a prohibited successive petition. He does not raise any claims attacking the underlying conviction or assert any new or already decided claims as a basis for habeas relief. Rather, petitioner attacks the fairness of the Court's resolution of the petition in light of respondent's failure to respond to his discovery requests. Thus, the only question is whether petitioner is entitled to relief under Rule 60(b). In support of his claim, petitioner relies on both paragraph (b)(3) and paragraph (b)(6).

Rule 60(b)(3) permits the Court to grant petitioner relief from the judgment on the grounds of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). For purposes of Rule 60(b)(3), "fraud is the knowing misrepresentation of a material fact, or concealment of the same *when there is a duty to disclose*, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (emphasis added). Failure to provide discovery may constitute "fraud" under this rule. *See id.* (quoting 12 MOORE'S FEDERAL PRACTICE § 60.43[1][b] (3d ed. 1993)). However, as noted above a failure to disclose constitutes fraud under Rule 60(b)(3) only "when there is a duty to disclose." *Id.* Thus, while "[i]t is true that a failure to disclose requested information during discovery may constitute misconduct under Rule 60(b)(3), . . . this usually requires the violation of a specific discovery request or order." *Zurich N. Am. v. Matrix Serv., Inc.*,

3

426 F.3d 1281, 1292 (10th Cir. 2005). Here, respondent did not violate any duty to disclose, because he had no such duty. "A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a petitioner is entitled to discovery only if the district judge "in the exercise of his discretion and for good cause shown grants leave" to conduct discovery. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. In order to establish "good cause" for discovery, petitioner must establish that the requested discovery will develop facts which will enable him to demonstrate that he is entitled to habeas relief. *See Bracy*, 520 U.S. at 908-09. The burden is on the petitioner to establish the materiality of the requested discovery. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Here, although petitioner served discovery requests on the State, he did not move for leave to conduct discovery nor did the Court grant such leave. Thus, respondent did not commit fraud under Rule 60(b)(3) by failing to respond to petitioner's discovery requests.

In support of his claim, petitioner also relies on the catch-all provision found in Rule 60(b)(6). Because "almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)[,] . . . courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008) (internal quotation omitted). Here, petitioner does not demonstrate any unusual or extreme circumstances justifying relief under Rule 60(b)(6), other than respondent's supposed fraud in not responding to his discovery requests, which as explained above does not justify relief from judgment.

Further, petitioner's motion for relief from judgment is untimely. Rule 60 provides that "[a]

motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Here, the Court's judgment was entered on October 30, 2009. Petitioner did not file his Rule 60 motion until July 19, 2012, over 2½ years after the entry of the judgment. This is well outside the time limit applicable to motions based on Rule 60(b)(3). Further, because the motion is based on actions or omissions apparent at the time the Court entered judgment, and because petitioner has offered no explanation for the delay in bringing the motion, it was not brought within a reasonable time under Rule 60(b)(6). *Cf. Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Accordingly, the Court should conclude that petitioner is not entitled to relief under Rule 60(b)(6).

C.   *Conclusion*

In view of the foregoing, the Court should deny petitioner's motion for relief from judgment.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR

5

72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: August 31, 2012                    s/ Paul J. Komives
                                          PAUL J. KOMIVES
                                          UNITED STATES MAGISTRATE JUDGE